IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:10cv1028-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION

Plaintiff, Larry Miller, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled from the alleged onset date through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

(11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

4

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-nine years old on the alleged disability onset date and had an eleventh grade education. Tr. 29 & 65. Plaintiff's past relevant work experience was as a construction worker and heavy equipment operator. Tr. 63. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 58. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "lumbar degenerative disk disease, cervical degenerative disc disease, and status post cervical fusion." *Id*. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 59. Next, the ALJ found that Plaintiff retained the "residual functional capacity to perform light work" along with various restrictions. Tr. 60. After consulting with a VE, the ALJ found that Plaintiff was unable to perform his past relevant work. (Step 4) Tr. 63. Considering Plaintiff's "age, education, work experience, and [RFC]," and after consulting the VE, the ALJ determined that "there are jobs that exist in significant numbers in the national economy" that Plaintiff can perform, including: information clerk; assembler; and cashier. (Step 5) Tr. 64 Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from [the alleged onset date], through the date of this decision." Tr. 65.

### IV. PLAINTIFF'S CLAIMS

Plaintiff presents two claims for this court's consideration: (1) "Did the administrative law judge (ALJ) evaluate properly Exhibit 7F?"; and (2) "Does substantial evidence support the ALJ's residual functional capacity (RFC) assessment?" Pl's Brief (Doc. #14-1) at 1-2.

### V. DISCUSSION

Although Plaintiff raises two specific claims, each claim contains several sub-claims. And, both claims center on Plaintiff's allegation that the ALJ erred by giving evidentiary weight to a non-physician, disability specialist, known as a Single Decision Maker (SDM) in formulating Plaintiff's RFC. *See generally* Pl.'s Brief (Doc. #14-1). The SDM's opinion appears in the record as an RFC assessment report at Exhibit 7F. Tr. 239. Defendant acknowledges the ALJ committed error by assigning the SDM's opinion evidentiary weight, but argues that "the error was harmless, at most." Def.'s Brief (Doc. #18) at 9.

The court agrees with the parties that the ALJ's reliance on the SDM's opinion was indeed error. *See Casey v. Astrue,* 2008 WL 2509030, at *4 n.3 (S.D. Ala. June 19, 2008) ("[A]n RFC assessment completed by a disability specialist is entitled to no weight."); *Velasquez v. Astrue*, 2008 WL 791950, at *3 (D. Colo. Mar. 20, 2008) (Opinion of SDM is "entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources."); *Bolton v. Astrue,* 2008 WL 2038513, at *4 (M.D. Fla. May 12, 2008) (an SDM is not a medical professional, and a finding from an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources).

The question then becomes whether this was harmless error. The court finds that the ALJ's reliance on the SDM's opinion in this case was not harmless, because the error "permeates the manner in which the record of this case is presented to this Court." *Nicholson v. Astrue*, 2010 WL 4506997, at *6 (W.D.N.C. Oct 29, 2010). The ALJ stated that the SDM's opinion and consultative examiner Dr. Banner's opinion, were given "greater weight" and "support the limitations to light work as provided in the claimant's [RFC]." Tr. 62. The ALJ then stated that the SDM's opinion is "given evidentiary weight" due to Dr. Banner's examination "and the full evaluation of the evidentiary record to support the opinion provided by the [SDM]." *Id*. In other words, the ALJ's reliance on the SDM is deeply intertwined with Dr. Banner's opinion and the ultimate RFC determination. It stands as no coincidence then, that the ALJ's RFC determination and specific limitations so closely match those contained in the SDM's RFC report.[5] That the ALJ relied on the SDM's opinion in formulating Plaintiff's RFC becomes more evident where neither of the medical opinions of record in this case (treating physician Dr. Voss and Dr. Banner) addressed Plaintiff's workplace limitations. This means that when the ALJ stated that she was relying on Dr.

---

[5] *See, e.g.,* Chart of similarities contained in Pl.'s Brief (Doc. #14-1) at 12.

| *What the ALJ found was Mr. Miller's RFC.* | *What [the SDM] found.* |
|---|---|
| 1. Stand/walk for six hours. | Same |
| 2. Avoid concentrated exposure to extreme cold, heat, fumes, odors, dusts, gases, and poor ventilation. | Same |
| 3. Avoid even moderate exposure to hazards. | Same |
| 4. Occasional reaching overhead bilaterally. | Limited reaching overhead bilaterally |

Banner and the SDM's opinions to formulate the limitations to light work, the ALJ was mostly relying on the SDM's opinion.

Even Defendant's arguments in this case evidence the intertwined nature of the SDM's opinion with the medical evidence of record and the RFC determination. While arguing that the error was harmless and that the ALJ relied on other evidence, Defendant states: "The ALJ stated that she also gave evidentiary weight 'to the medical examination of Dr. Banner and the full evaluation of the evidentiary record,' which was consistent with the state agency assessment (Tr. 62)." Def.'s Brief (Doc. #18) at 9. But the full quotation of the sentence in the ALJ's report, as seen above, ends as follows: "the full evaluation of the evidentiary record to support the opinion provided by the [SDM]." Tr. 62. Thus, the ALJ found that Dr. Banner's opinion and the full evidentiary record, supported the non-medical opinion of the SDM, to which the ALJ states that she accords great weight and then uses to support the limitations to light work as expressed in the RFC. The court finds troubling the ALJ's use of medical opinion evidence as support for a non-medical opinion that the ALJ is not permitted to even to consider. *Velasquez v. Astrue*, 2008 WL 791950, at *3 (D. Colo. Mar. 20, 2008) (Opinion of SDM is "entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources.").

In *Castel v. Comm'r. of Soc. Sec.*, 355 F. App'x 260, 266-67 (11th Cir. 2009), the Court of Appeals found the ALJ's possible reliance on a SDM was harmless error where the "record [did] not reflect that the ALJ placed great weight on the [SDM's] reports." In stark

contrast, the ALJ in the present case expressed her assignment of great weight to the SDM's opinion and her reliance on the opinion to formulate the RFC, and evaluated a medical source in relation to the SDM's opinion. Further, it appears from the ALJ's decision that she was under the impression that the SDM's opinion was a medical opinion. Tr. 62 (referring to the SDM's opinion as a "state agency medical opinion").[6]

The ALJ's reliance on the SDM in this case was too pervasive and apparently made up a majority of the physical limitations in the RFC. As a result, this court is unable to say that the ALJ "would inevitably have reached the same result if [she] had understood that the RFC Assessment had not been completed by a physician or other qualified medical consultant." *Dewey v. Astrue*, 509 F.3d 447, 449-50 (8th Cir. 2007). "Thus, this case will be remanded with instruction to afford the SDM's opinion no weight." *Bolton v. Astrue*, 2008 WL 2038513, at *4 ( M.D. Fla. May 12, 2008).

## VI. CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for proceedings consistent with this decision. A separate judgment will issue.

---

[6] Indeed the index to the official transcripts in this case refers to the SDM's report as: "RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician)." Trans. (Doc. #19-1) at 2.

9

DONE this 23rd day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE